UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| EVAN KNOX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )     No. 15-1133-JDT-egb |
| | ) |
| BO RIDER, ET AL., | ) |
| | ) |
|     Defendants. | ) |

ORDER DENYING MOTION TO APPOINT COUNSEL,
DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On June 1, 2015, Plaintiff Evan Knox ("Knox"), who is currently an inmate at the South Central Correctional Facility in Clifton, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint concerns Knox's previous incarceration at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee. The Court issued an order on June 2, 2015, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants[1] as NWCX Officer

---

[1] Knox purports to name the "Insurance Company Agency of all 3 parties" as a defendant. (ECF No. 1 at 7.) However, service of process cannot be made on an unidentified party. The filing of a complaint against an unknown defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

Bo Rider; NWCX Officer Paul Boyd; Joseph Bishop, Director of the Office of Investigations and Compliance ("OIC") for the Tennessee Department of Correction ("TDOC");[2] and C. Phillip Bivens, District Attorney for the Twenty-Ninth Judicial District of Tennessee.

## I. MOTION TO APPOINT COUNSEL

On April 18, 2016, Knox filed a motion for appointment of counsel. (ECF No. 7.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se*

---

[2] In the complaint, Knox identifies Defendant Bishop as Director of Internal Affairs ("IA") for TDOC. However, the office is correctly designated as the OIC. *See* www.tn.gov/news/32722.

litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

Knox has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case. Nothing in Knox's motion serves to distinguish this case from the many other cases filed by *pro se* prisoners who are indigent, are not trained attorneys, and have limited access to legal materials. Therefore, the motion for appointment of counsel is DENIED.

## II. THE COMPLAINT

Knox alleges that on May 30, 2014, the NWCX was on lockdown. (ECF No. 1 at 5.) The officers were conducting showers in housing Unit B and announced that the inmates would have five minutes to shower. (*Id.*) Knox's cellmate left to take his shower, and Knox followed three to four minutes later. (*Id.*) On the way to the shower, Knox had words with Defendant Boyd. (Letter to Def. Bishop, ECF No. 1-8.) Once Knox got in the shower, Boyd told him he had three minutes to get out. (*Id.*; *see also* ECF No. 1 at 5.) When Defendant Boyd knocked on the shower door and told Knox that his time was up, Knox responded, "fuck you." (ECF No. 1 at 5.) Defendant Rider, who was standing behind the ice machine, then shot Knox with a pepper-ball gun even though Knox allegedly had showed no sign of resistance or aggression. (*Id.*; *see also* Letter to Def. Bishop, ECF No. 1-8.) While he dried off, Knox was held at taser-point by Defendant Boyd (ECF No. 1 at 5), who threatened to tase him if he did not get out of the shower (Letter to Def. Bishop, ECF No. 1-8).

Knox also contends he was refused medical attention (Grievance, ECF No. 1-3 at 2) and that he continues to have chronic back pain (ECF No. 1 at 5). He wrote letters to Defendants Bishop and Bivens asking that the incident be investigated and that a criminal charge of aggravated assault be filed against Defendant Rider. (*Id.*; *see also* Letter to Def. Bishop, ECF No. 1-8; Letter to Def. Bivens, ECF No. 1-9.) Knox seeks monetary compensation. (ECF No. 1 at 5-6.)

## III. ANALYSIS

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-

2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Knox filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was

6

> violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Knox has no cause of action against Defendant Bishop for failing to investigate or take remedial measures to the extent he was aware of Knox's complaints. Although failure to investigate may give rise to § 1983 supervisory liability, *see Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990) and *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in *Walker* and the analysis in its progeny teach that evidence of a failure to investigate can establish municipal liability only. In *Dyer v. Casey*, No. 94-5780, 1995 WL 712765, at *2 (6th Cir. Dec. 4, 1995), the Court stated that "the theory underlying [*Marchese*] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In *Walker*, the Sixth Circuit distinguished *Marchese* because the Court "imposed the broad investigative responsibilities outlined in *Marchese* upon the Sheriff in his official capacity." *Walker*, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate," stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

*Young v. Ward*, No. 97-3043, 1998 WL 384564, at *1 (6th Cir. June 18, 1998).

Knox apparently sues Defendant Bivins because he failed to prosecute Defendant Rider for assault. However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Booth v. Henson*, 290 F. App'x 919, 920 (6th Cir. 2008). The decision of whether to institute state or federal criminal proceedings is a decision committed wholly to the discretion of the State District Attorney or the United States Attorney. This Court cannot order that Defendant Rider be charged with a crime.

Knox's complaint addresses his treatment at the NWCX. For a convicted prisoner, such claims arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted).

Knox's allegations of intimidation by Defendant Boyd amount to complaints of mere threats or verbal abuse, which are insufficient to state an Eighth Amendment claim. *See, e.g., Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for

prison guard's "use of racial slurs and other derogatory language"); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." (citation omitted)); *Owens v. Johnson*, No. 99-2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000) ("The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts." (citation omitted)); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (holding that verbal abuse or harassment does not constitute punishment under the Eighth Amendment); *Miles v. Tchrozynski*, No. 2:09-CV-11192, 2009 WL 960510, at *1 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. Verbal threats and abuse made in retaliation for filing grievances are likewise not actionable." (citation omitted)).

Knox also alleges he was subjected to excessive force. Where an inmate challenges a use of force by prison guards, "the question whether the measure taken

inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21 (internal quotation marks omitted); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("The 'core judicial inquiry' [for an excessive force claim] was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to restore discipline, or maliciously and sadistically to cause harm." (internal quotation marks omitted)).

A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. *Wilkin*s, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."); *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992) (same). However, the Supreme Court has made clear that trivial physical contact does not violate the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028,] 1033 [(2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chamber, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

*Id.* at 9-10 (internal quotation marks omitted); *see also Wilkins*, 559 U.S. at 38 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.").

10

Applying *Hudson*, the Sixth Circuit has held that prison guards' use of *de minimis* force to return an inmate to his cell did not violate the Eighth Amendment. *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The defendants in *Johnson* were alleged to have "pushed [the prisoner] into his cell, pulled hard on the security strap attached to his handcuffs, hurting his wrists, and then, while removing his cuffs, attempted to bend his thumb back." *Id.*; *see also Tuttle v. Carroll Cnty. Detention Ctr.*, 500 F. App'x 480, 482 (6th Cir. 2012) (allegation that deputy grabbed inmate's privates and squeezed them "really hard" during a search insufficient to state an Eighth Amendment claim); *Leary*, 528 F.3d at 443 (allegation that deputy hit pretrial detainee on the neck with no intention to hurt him, in "a karate chop kind of deal," held to be a *de minimis* use of force); *Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008) (holding that officers "minimal application of force, together with Lockett's admitted minor injuries, did not rise to a level that is sufficient to sustain an Eighth Amendment claim"); *Briggs v. Miles*, No. 1:13-cv-228, 2015 WL 1120132, at *12 (W.D. Mich. Mar. 12, 2015) (allegation that officer "shoved" inmate inside transport van is "the very sort of *de minimis* force that falls outside the scope of the Eighth Amendment").

Knox complains that while he was taking a shower during a lockdown period, he was shot by Defendant Rider with a pepper-ball gun. (ECF No. 1 at 5.) While Knox asserted in his grievance that he showed no resistance or aggression (Grievance, ECF No. 1-3 a 2), in the complaint Knox admits that when Boyd told him to get out of the shower, he responded by saying, "fuck you" (ECF No. 1 at 5). Further, there is no allegation that Knox suffered any more than minor injury as a result of the incident. While he states that

he "continue[s] to have chronic back pain" (*id.*), Knox does not state how his back came to be injured or how being shot with the pepper-ball gun had any effect on his back. Thus, Knox has failed to allege an Eighth Amendment claim for excessive force.

Knox also has not sufficiently stated an Eighth Amendment claim that the Defendants denied him medical treatment after the incident with the pepper-ball gun. An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 631 F.3d at 383; *Mingus v. Butler,* 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298. In the context of an Eighth Amendment claim based on a lack of medical care, the objective component requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897 (internal quotation marks omitted); *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

Knox does not allege that he ever asked the Defendants for medical treatment after the incident. He also does not allege that his need for medical attention was so obvious that it would have been readily recognized, even by a lay person. *Blackmore*, 390 F.3d at 897. Thus, he has not adequately alleged the objective component of a claim for denial of medical care.

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and also disregards that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not state a claim for deliberate indifference. *Id.* at 838.

Knox does not allege that either Defendant Rider or Defendant Boyd was aware there was an excessive risk to Knox's health if he did not receive medical care following the incident and then disregarded that risk. Therefore, Knox has also failed to adequately allege the subjective component of a claim for denial of medical care.

IV. STANDARD FOR LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at

*1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, with the exception of Knox's claims against Defendants Bishop and Bivens, the Court cannot conclude that any amendment to Knox's complaint would be futile as a matter of law.

V. CONCLUSION

The Court DISMISSES Knox's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, leave to file an amended complaint as to Defendants Rider and Boyd is GRANTED. Any amended complaint must be filed within thirty (30) days after the date of this order. Knox is advised that an amended complaint will supersede the original

14

complaint and and must be complete in itself without reference to those prior pleadings. The text of the amended complaint must allege sufficient facts to support any claims without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. If Knox fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE